JOSEPH SMITH, complainant,

*v.*

ROCO REALTY COMPANY, a corporation of New Jersey, defendant.

[Decided June 24th, 1933.]

*Mr. Abraham M. Herman,* for the complainant.

*Mr. Andrew J. Whinery,* for the defendant.

BACKES, V. C.

The defendant owns the property at the northeast corner of Main street and Arlington avenue, East Orange. The complainant's property adjoins on the east, on Main street. The building on the complainant's property is approximately forty-seven feet high; that on the defendant's was some twenty-five or thirty feet higher. A twenty-inch-wide party wall, about forty-seven feet high, supported both buildings; twelve inches of the party wall sets on the defendant's land and the balance on the complainant's. The roof of complainant's building rests atop the party wall; the extension of the wall twenty-five or thirty feet higher enclosed the defendant's building on the east. This extension was twelve inches wide and was entirely on the defendant's side of the party line of the land. The defendant started to tear down its building, including the twelve-inch extension wall when this bill was filed and restraining order issued. Upon the return, the restraint was modified allowing the removal of

the extension, not including, however, sufficient for complainant's chimney in the party wall and for the enclosure of a pent house on his roof. The defendant put up a one-story building. The complainant now wants the extension restored or failing in that, compensation. To restore would obviously create a menace to life, as would have been the case had the wall remained sticking in the air. The complainant's and the defendant's buildings were erected about the time the party wall was agreed upon by a recorded instrument made by their predecessor's in title, February 17th, 1887. It reads:

"Whereas The Orange Water Company is the owner in fee of certain tract of land situate, lying and being in the Township of East Orange, in the County of Essex and State of New Jersey, bounded on the South by Main Street, on the West by Arlington Avenue, on the North by the Delaware & Lackawanna and Western Railroad and on the East by land of George D. Woodruff and Whereas the said The Orange Water Company has recently erected upon the Easterly line of their said tract and the Westerly line of George D. Woodruff, a party wall twenty inches thick about fifty feet in depth and about forty-seven feet in height, twelve inches thereof being upon the land of The Orange Water Company and eight inches being upon the land of George D. Woodruff with a chimney therein constructed for the joint use of the parties hereto and Whereas the said George D. Woodruff has paid to the said The Orange Water Company his due share and proportion of the costs of constructing said party wall and chimney.

Now Therefore, The Orange Water Company, for themselves, their successors and assigns, do hereby agree to and with said George D. Woodruff, his heirs, executors, administrators and assigns, and the said parties do mutually covenant in consideration of the premises and of one dollar to each in hand paid that the said party wall to the height as now built shall be and remain a party wall so long as the same shall stand and that the said George D. Woodruff, his heirs, executors, administrators and assigns, shall have the right to use the two chimney flues in said chimney now connected with his building so long as said party wall shall stand without interruption or molestation from the parties of the first part, their successors and assigns.

It is further understood and agreed that the land whereon said party wall now stands shall be subject to the right of each of the parties to have said wall, be and remain thereon, until it be removed by mutual consent of the parties hereto and their respective successors and assigns and heirs, executors, administrators and assigns, and that thereafter the land whereon said wall stands, shall be as heretofore the property of the respective owners free of all easements and claims whatsoever."

Whether the extended height of defendant's building was part of the original structure or came afterwards, does not appear, but there is significance in its erection wholly on the defendant's side of the party wall, as there is in the complainant's roof, resting on the forty-seven-foot high party wall, and these two circumstances are persuasive of the interpretation of the party wall agreement by the parties to it by their conforming to its provisions agreeable to their understanding, *i. e.,* that the party wall was to extend to the complainant's roof, and above that there were no community rights. The twelve-inch-wide extension above, resting on the defendant's side of the party wall and within the defendant's boundary line lends emphasis to that interpretation, which we adopt. The defendant would have been entirely within its rights had it torn away the twelve-inch wall above the party wall, protecting, however, the complainant's chimney rights. It does not appear that it ever threatened to do more and it hasn't gone that far.

The bill will be dismissed.